EZRA WILLARD & THOMAS S. LEE *vs.* OUTERBRIDGE HORSEY,
USE OF SAMUEL AHALT.

ARBITRATION AND AWARD: EVIDENCE: ADMISSIONS.—In an action by H. on the
single bill of W. & L., the execution of which was admitted, it having been
proved that the parties had in writing, submitted their affairs, including all
claims and accounts relating to the trust estate of L. to S. T., for arbitra-
tion, who had thereon made up and returned an award in writing, it was
HELD:

That evidence to show an admission of payment at the hearing before the
arbitrator, was inadmissible, without the previous production of the submis-
sion and award.

No evidence of what was said by the parties before the arbitrator, was admis-
sible to defeat the rights or affect the relations which it must be presumed
were finally ascertained by the award, and of which the submission and
award must also be presumed to afford the best evidence.

APPEAL from the Circuit Court for Frederick County.

This was an action by the appellee against the appel-
lants, on their single bill, for $71.00. The defendants
pleaded payment by one, and also by both of the makers
of the single bill, and issue was joined on said pleas.

*Exception.*—At the trial of the cause, the plaintiff, to
sustain the issues on his part, offered in evidence said
single bill, the execution of which by both of said makers,
was admitted.

The defendants then offered in evidence the list of the
sales of Lee's property made by Horsey, the trustee, and
to two items therein, one for $65, and the other for $6,
and then proved by Samuel L. Gouverneur, a competent
witness, that Thos. S. Lee and Outerbridge Horsey had
referred to Samuel Tyler, for settlement and adjustment,
all their affairs, including all claims and accounts relating
to the trust estate of said Thomas S. Lee. The witness
then stated in reply to a question by the appellee, that
the submission to Samuel Tyler was by memorandum in
writing, and that said Tyler had made an award in
writing.

12    v. 22.

The defendants then offered to prove by the same witness, that whilst witness, Tyler, Lee, one of the defendants, and Horsey, the plaintiff, were sitting together engaged in the effort to settle and adjust the matters in controversy between said Lee and Horsey, the plaintiff admitted that all the notes taken by him at the sale of Lee's property, had been paid, but two, neither of which unpaid notes was the note of Lee, and that said Lee then and there, in the presence and hearing of said Horsey, pointed out to said witness said two items of $65 and $6, on said sale book, then lying on the table, around which said four parties were sitting, and said they were the items, for which the note sued upon in this case was given, and that he, the said Lee, had paid said note; and that the appellee did not deny said statement so made in his presence and hearing; but the Court, (NELSON, J.,) refused to permit the testimony thus offered to go to the jury, without the previous production of the written reference to said Tyler, and further, because said admission was made in the course of an effort to settle the matters in controversy between said parties by the arbitrament of said Tyler; to which ruling of the Court the defendants excepted, and the verdict and judgment being in favor of the plaintiff, appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*G. Eichelberger*, for the appellants.

The evidence, excluded by the Court, without objection to its admissibility, so far as the record shows, either by the appellee or his counsel, should have been admitted; it consisted of admissions made before an arbitrator during an arbitration, and not under an offer—or during the pendency of a compromise. And even if made in the course of a compromise, the evidence was still admissible,

as it was an admission of independent facts, and not an offer of a sum of money made to purchase peace. 1 *Phil. Ev.*, 427, note 124 and cases cited, 430–1. 3 *Phil. Ev.*, 174. 1 *Greenlf. Ev.*, sec. 192. 2 *Starkie's Ev.*, (6th American Ed.,) 22, notes *b* and *c*. *Peake's Ev.*, 20. *Bullers' N. P.*, 236. *Gregory vs. Howard*, 3 *Esp.*, 113. *Slack vs. Buchanan*, *Peake's N. P. C.*, 5. *Gerrish vs. Sweetser*, 4 *Pick. R.*, 374. *Marsh vs. Gold*, 2 *Pick.*, 285, 290. *Reynolds, Adm'r of Paul vs. Manning et al.*, 15 *Md. Rep.*, 526, 527, recognizes the doctrine announced in note 124, of 1 *Phil. Ev.* *Chapman vs. Dixon*, 4 *H. & J.*, 527. In this case evidence of admissions before arbitrators was received without objection. *Dickinson vs. Dickinson*, 9 *Metcalfe*, 471. No objection having been made by the appellee to the testimony excluded, the Court could not of its own motion reject it, and this Court will not look beyond the record, for the fact of there being no objection. *Allegre vs. Ins. Co.*, 6 *H. & J.*, 413. *Nesbitt vs. Dallam*, 7 *G. & J.*, 494. *Farmers Bank of Md. vs. Duvall, Id.*, 95.

*Jos. M. Palmer*, for the appellee.

There is no principle of evidence better settled than that the best evidence of which the case, in its nature is susceptible, must be produced. This rule is adopted to prevent fraud; for when it appears that the better evidence is withheld, it is to be presumed, that the party had some sinister motive for not producing it. 1 *Greenleaf on Ev.*, secs. 82 and 88. *King vs. People of Rawdon*, 8 *Barn. & Cress.*, 708. *Sebree vs. Dorr*, 9 *Wheat.*, 558. *Bullock vs. Koon*, 9 *Cow.*, 30. *Northrup vs. Jackson*, 13 *Wend.*, 86. *The Queen's case*, 2 *Brod. & Bing.*, 287. *Tayloe vs. Riggs*, 1 *Peters*, 596. 1 *Stark. Ev.*, 336, 337.

The award settled the questions in dispute between the parties, in relation, to whether the single bill of $71 had been paid or not, and is as final and conclusive as a judgment of a Court of competent jurisdiction, so long as it

remains in force, and the parties are bound by it, and they must be governed by its' provisions. They cannot go behind it in this collateral way. *Watson on Arb. and Awards,* 63. 1 *Phillips' Ev.,* 380, 381. *Caton vs. McTavish,* 10 *G. & J.,* 193. *Roloson vs. Carson,* 8 *Md. Rep.,* 225.

COCHRAN, J., delivered the opinion of this Court.

In passing on the question presented by the exception taken at the trial below, it is unnecessary to refer to authority, either to support or illustrate the application of the rule, requiring the production of the best evidence to establish the facts disputed in the course of judicial proceedings. The evidence contained in this record, to the admission of which no objection was made, shows that the single bill on which the action was brought, was executed by the appellants to the appellee, as trustee of the appellant, Thomas S. Lee; that before the institution of the suit, the appellee and the appellant, Lee, by a memorandum in writing, submitted their affairs, including all claims and accounts relating to the trust estate of Lee, to Samuel Tyler for arbitration, and that an award in writing, was thereupon made, and returned by him. The evidence rejected by the Court, and to which this exception was taken, was offered by the appellants, to show that when the parties were before the arbitrator, at the hearing of the matters in dispute, the appellee admitted that all the notes taken by him for the property of Lee, had been paid, except two, and the note filed in this case, was not one of the two excepted. Assuming upon the admitted testimony, as we are bound to do, that the single bill here shown was made the subject of a written award, by a submission also made in writing, we cannot doubt that the submission and award, thus had, and made, were not only the proper, but the best evidence of the continuance or discharge of the appellants'

Willard et al. *vs.* Horsey, use of Ahalt.

liability for the debt sought to be recovered.   The rejected evidence was offered to show an admission of payment at the hearing before the arbitrator; and so far as the appellant's liability for this debt was a fact then in question, we must presume that what then transpired in reference thereto, was duly considered by him, and allowed to have its proper effect in the substance and terms of the award subsequently made up.   It does not follow, however, that the award thus shown to have been made, operated as a bar to this action; for, notwithstanding admissions made at the hearing, the arbitrator in considering all the claims and accounts submitted, may have awarded that this particular obligation should be paid by the appellants; and on the other hand, whether that was the fact or not, the appellants could not show that the appellee was divested of his right of action, without producing the submission and award.   We think it also very clear, that no evidence of what was said by the parties, at the hearing before the arbitrator, was admissible to defeat the rights, or affect the relations, which we must presume were finally ascertained by the award, and of which the submission and award must be presumed to afford the best evidence.   In our opinion there was no error in rejecting the evidence covered by this exception, and we shall, therefore, affirm the judgment.

*Judgment affirmed.*

(Decided October 7th 1864.)